Elizabeth Kaleva
Kevin Twidwell
KALEVA LAW OFFICES
1911 S. Higgins Ave.
P.O. Box 9312
Missoula, MT 590807-9312
406.542.1300 (Office)
406.721.1046 (Fax)
ktwidwell@kalevalaw.com
Attorney for Defendants Frenchtown
School District and Randy Cline

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| T.C. and G.C.,<br>as parents and next friends of<br>JANE DOE, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>FRENCHTOWN SCHOOL<br>DISTRICT<br>and<br>RANDY CLINE, in his<br>individual capacity,<br><br>Defendants. | Civil Action No. CV 17-176-M-DLC<br><br><br>DEFENDANTS' ANSWER,<br>AFFIRMATIVE DEFENSES AND<br>DEMAND FOR JURY TRIAL |

DEFENDANTS Frenchtown School District and Randy Cline ("Defendants"

or "District") answer Plaintiffs' Complaint as follows:

1.     Answering paragraph 1, upon information and belief, Defendants admit that Plaintiffs are residents of Mineral County and admit that Doe was a student enrolled in Frenchtown High School during the 2016-2017 school year.

2.     Answering paragraph 2, Defendants admit that Frenchtown School District is a Montana public school district, that it receives state and federal funding and is subject to Title IX.

3.     Answering paragraph 3, Defendants admit that Randy Cline is a Montana resident and during the 2016-2017 and 2017-2018 academic years, Mr. Cline was and is employed by the District as Superintendent of the District.

4.     Answering paragraph 4, Defendants admit that this Court has jurisdiction over this case.

5.     Answering paragraph 5, Defendants admit that venue in this District is proper.

### Response to Assertions in Section Titled "General Allegations" and "Summary of Claims"

6.     Answering paragraph 6, Defendants admit that the Troy Bashor is a teacher at Frenchtown High School, admit that some District employees are mandatory reporters under Montana law and admit that the District received one report in 2015 that a student was uncomfortable around Mr. Bashor and that it received a report from Student A and Doe about Mr. Bashor in 2017.  Defendants deny they ignored any reports and deny they failed to take measures to protect

female students at Frenchtown High School.  Defendants deny the remaining allegations in this paragraph.

7.      Answering paragraph 7, the allegations concern alleged actions of Mr. Bashor that have not been substantiated. As such, no response to the allegations are necessary. To the extent a response is required, Defendants lack sufficient knowledge and information to admit or deny the allegations and therefore deny them. The Defendants deny any wrongdoing alleged in this paragraph.

8.      Answering paragraph 8, Defendants admit that the Missoula County Sheriff's Office conducted an investigation related to a complaint about Mr. Bashor in January 2017 and admit that Mr. Bashor was charged with misdemeanor sexual assault in October 2017.

9.      Answering paragraph 9, Defendants deny the allegations.

10.      Answering paragraph 10, Defendants deny the allegations.

11.      Answering paragraph 11, Defendants deny the allegations and assert that District staff promptly and adequately investigated and responded to all allegations of harassment, bullying and threats.  Defendants lack sufficient knowledge and information regarding Doe's decision to leave the District and/or her alleged distress and therefore deny the allegations.

**Response to Assertions in Section Titled "Sex Offender Grooming Behaviors"**

12.     Answering paragraph 12, Plaintiffs set forth a narrative that purports to recite behaviors described as "grooming" but does not assert any allegations against Defendants. As such no response to the narrative is necessary, and to the extent a response is necessary, Defendants deny any allegations of wrongdoing.

13.     Answering paragraph 13, Plaintiffs set forth a narrative that purports to recite behaviors described as "grooming" but does not assert any allegations against Defendants. As such no response to the narrative is necessary, and to the extent a response is necessary, Defendants deny any allegations of wrongdoing.

14.     Answering paragraph 14, Plaintiffs set forth a narrative that purports to recite behaviors described as "grooming" but does not assert any allegations against Defendants. As such no response to the narrative is necessary, and to the extent a response is necessary, Defendants deny any allegations of wrongdoing.

**Response to Allegations in Section Titled "Frenchtown School District's Notice of Bashor's Previous Grooming and Harassment of Another Female Student"**

15.     Answering paragraph 15, Defendants admit that Mr. Bashor is a music teacher at Frenchtown High School and Frenchtown Junior High School and that the buildings are adjoined and share a common campus. Defendants deny any allegations against Mr. Bashor were made to the Defendants in 2014. Defendants deny that since 2014 multiple students reported the uncomfortable or harassing behaviors to them as set forth in this paragraph. Defendants admit that Doe made

allegations against Mr. Bashor in 2017.  Defendants lack sufficient knowledge and information regarding the allegations of inappropriate discussions of sexual and reproductive topics to admit or deny the allegations and therefore deny them.

16.     Answering paragraph 16, Defendants admit that Student A enrolled in Frenchtown Junior High School as a seventh grader in 2014. Defendants admit that Student A was enrolled in seventh grade choir and clarifies that placement of students is done in consultation with the student and District staff. Defendants lack sufficient knowledge and information to admit or deny the remainder of the allegations in the paragraph and therefore deny them.

17.     Answering paragraph 17, Defendants lack sufficient knowledge and information to admit or deny the allegations about what Student A told her mother and therefore deny the allegations. Defendants admit that Student A's mother contacted a school counselor about her daughter.  Defendants deny the allegations that Mr. Cline spoke with the mother or made the comments attributed to him in this paragraph. Defendants deny the remaining allegations in the paragraph.

18.     Answering paragraph 18, Defendants deny they were notified about the allegations in 2015 and therefor lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

19.     Answering paragraph 19, Defendants deny they were notified in 2016 about the allegations and therefore lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

20.     Answering paragraph 20, Defendants deny they were informed about the allegations and therefore lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

21.     Answering paragraph 21, Defendants deny they were informed about the allegations and therefore lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

22.     Answering paragraph 22, Defendants admit that Mr. Bashor is a popular teacher with some of the students involved in his choir, theater and music programs as well as the coffee shop on campus. Defendants were not notified about the specific allegations prior to 2017 and therefor lack sufficient knowledge and information to admit or deny the remaining allegations in the paragraph and therefore deny them.

23.     Answering paragraph 23, Defendants lack sufficient knowledge and information to admit or deny what Student A told her friends and therefore deny the allegations. Defendants admit that Mr. Hutchison spoke with certain students about Mr. Bashor and that Mr. Hutchison talked with Mr. Bashor about Student A

feeling uncomfortable around him. Defendants deny that Mr. Bashor had previously been disciplined for inappropriately touching students.

24.     Answering paragraph 24, Defendants lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

25.     Answering paragraph 25, Defendants admit that on January 11, 2017, Student A spoke with Mr. Cioe.  Defendants admit that the class was reading a book titled "Speak." Defendants admit that Student A informed Mr. Cioe that she was uncomfortable around Mr. Bashor, was uncomfortable walking along the hallway and admit that she told Mr. Cioe that Mr. Bashor ran his finger down her spine. Defendants deny the remaining allegations in this paragraph, in particular, the allegation that Mr. Cioe was told that Mr. Bashor grabbed Student A's butt.

26.     Answering the allegations in paragraph 26, Defendants admit that Mr. Cioe spoke with Mr. Haynes the next day about the conversation he had with Student A. Defendants deny that Mr. Cioe told Mr. Haynes he needed to speak to Mr. Bashor immediately. Defendants admit that Mr. Haynes did not report the conversation to police immediately and clarify that the information Mr. Haynes received was that Student A was simply uncomfortable around Mr. Bashor and that this is not required to be reported to authorities. Defendants admit that Mr. Haynes disclosed the conversation with a sheriff's deputy who later contacted him.

27.     Answering paragraph 27, Defendants admit Mr. Cioe, Mr. Hutchison and Mr. Haynes are mandatory reporters under Montana law.

**Response to Allegations in Section Titled "Everyone's Favorite Teacher – Begins Grooming Jane Doe"**

28.     Answering paragraph 28, upon information and belief Defendants admit that Doe moved to Frenchtown in the summer of 2015 and that she enrolled in Frenchtown High School.  Defendants admit that Doe was enrolled in musical theater class after consulting with an adviser. Defendants lack sufficient knowledge and information to admit or deny what the "counselor" said about Mr. Bashor and therefore deny the allegations.

29.     Answering paragraph 29, Defendants admit that students sometimes ate lunch in Mr. Bashor's classroom (and other classrooms) but Defendant lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

30.     Answering paragraph 30, Defendants admit that Doe sometimes ate lunch in Mr. Bashor's classroom but Defendants lack sufficient knowledge and information to admit or deny the remaining allegations in the paragraph and therefore deny them.

31.     Answering paragraph 31, Defendants deny they were informed of the allegations and therefore lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

32.     Answering paragraph 32, Defendants admit that at times Mr. Bashor texted Doe and other students on their personal telephones, played games with Doe on her smart phones and friended her on the Choir Facebook.  Defendants lack sufficient knowledge and information to admit or deny the remaining allegations in the paragraph and therefore deny them.

33.     Answering paragraph 33, Defendant admits that Mr. Bashor acknowledged that he hugged Doe and other students. Defendants lack sufficient knowledge and information to admit or deny the remaining allegations in the paragraph and therefore deny them.

34.     Answering paragraph 34, Defendants deny Doe informed them of these allegations and therefor lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

35.     Answering paragraph 35, Defendants admit that Doe was Mr. Bashor's student aid but Defendants lack sufficient knowledge and information to admit or deny the remaining allegations in the paragraph and therefore deny them. Defendants state that it is proper procedure for the teacher to complete the requisite forms for a student to become an aid.

36.     Answering paragraph 36, Defendants deny Doe informed them of these allegations, therefore they lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

37.     Answering paragraph 37, Defendants admit that Doe was in percussion class and deny that she refused to sign up for percussion class but instead requested the class.

38.     Answering paragraph 38, Defendants deny Doe informed them of the allegations and therefore lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

39.     Answering paragraph 39, Defendants deny Doe informed them of the allegations, and therefore they lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

40.     Answering paragraph 40, Defendants deny Doe informed them of the allegations, and therefore they lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

41.     Answering paragraph 41, Defendants deny that Doe informed them of the allegations, and therefore they lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

42.     Answering paragraph 42, Defendants deny that Doe informed them of the allegations, and therefore lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

43.     Answering paragraph 43, Defendants deny that Doe informed them of the allegations, and therefore lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

44.     Answering paragraph 44, Defendants deny that Doe informed them of the allegations, and therefore they lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

45.     Answering paragraph 45, Defendants deny that Doe informed them of the allegations, and therefore lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

46.     Answering paragraph 46, Defendants deny that Doe informed them of the allegations, and therefore lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

## Response to Allegations in Section Titled "Mr. Bashor Sexually Assaults Doe"

47.     Answering paragraph 47, Defendants lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

48.     Answering paragraph 48, Defendants deny that Doe informed them of the allegations, and therefore lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

49.     Answering paragraph 49, Defendants admit that Doe told Mr. Haynes about the allegations contained in this paragraph with the exception that she

reported to Mr. Haynes that Mr. Bashor touched her on the small of her back and upper buttocks. Defendants lack sufficient knowledge and information to admit or deny that the allegations are true and therefore deny them.

50.     Answering paragraph 50, Defendants admit that Doe told Mr. Haynes the allegations contained in this paragraph with the exception of the claim that Mr. Bashor moved his hands up her sweatshirt. Defendants lack sufficient knowledge and information to admit or deny the allegation that Doe froze in panic before finally pulling away and therefore deny the allegation. Defendants lack sufficient knowledge and information to admit or deny that the allegations are true and therefore deny them.

51.     Answering paragraph 51, admit that Doe told Mr. Haynes the allegations contained in this paragraph. Defendants lack sufficient knowledge and information to admit or deny that the allegations are true and therefore deny them.

52.     Answering paragraph 52, Defendants admit that Doe told Mr. Haynes that Mr. Bashor commented "Oh, that was awkward." Defendants lack sufficient knowledge and information to admit or deny that the allegation is true and therefore deny it. Defendants lack sufficient knowledge and information to admit or deny that the remaining allegations in the paragraph and therefore deny them.

53.     Answering paragraph 53, Defendants deny that Doe informed them of the allegations, and therefore they lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

54.     Answering paragraph 54, Defendants deny that Doe informed them of the allegations, and therefore they lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

55.     Answering paragraph 55, Defendants deny that Doe informed them of the allegations, and therefore they lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

56.     Answering paragraph 56, Defendants deny that Doe informed them of the allegations, and therefore they lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

57.     Answering paragraph 57, Defendants deny that Doe informed them of the allegations, and therefore lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

58.     Answering paragraph 58, Defendants deny that Doe informed them of the allegations, and therefore they lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

59.     Answering paragraph 59, Defendants deny that Doe informed them of the allegations, and therefore they lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

60.     Answering paragraph 60, Defendants admit that on January 12, 2017, Mr. Haynes, assistant principal Lewis, and Missoula County Addiction counselor Rowe met with Doe briefly until the discussion was postponed until Doe's parents could be involved. Defendants deny that Doe informed them of the remaining allegations, and therefore they lack sufficient knowledge and information to admit or deny the remaining allegations and therefore deny the allegations.

**Response to Allegations in Section Titled "I saw all the signs and failed to respond"**

61.     Answering paragraph 61, Defendants admit that Mr. Haynes contacted Doe's parents and that he met with them and Doe the next morning. Defendants deny Mr. Haynes made the comments attributed to him in this paragraph. Defendants state that Doe's parents did the talking at the meeting.

62.     Answering paragraph 62, Defendants admit that Missoula Sheriff's Office Lieutenant Robert Kennedy contacted Mr. Haynes prior to his meeting with Doe and her parents and informed him that the office had received a complaint of possible child abuse.  Defendants lack sufficient knowledge and information to admit or deny the remaining allegations and therefore deny the allegations.

## Response to Allegations in Section Titled "FSD Finds Just Cause to Suspend Mr. Bashor."

63.     Answering paragraph 63, Defendants admit that on January 13, 2017, Superintendent Cline (not Mr. Haynes) placed Mr. Bashor on administrative leave with pay, pending an investigation.

64.     Answering paragraph 64, Defendants admit the allegations.

65.     Answering paragraph 65, Defendants admit the allegations.

66.     Answering paragraph 66, Defendants deny the allegations.

67.      Answering paragraph 67, Defendants lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations. Defendants state that Doe's mother informed Mr. Haynes that officer Kennedy had instructed Doe not to participate in any further discussions, and that Defendants never received a copy of Doe's criminal interview.

68.     Answering paragraph 68, Defendants admit the allegations.

69.     Answering paragraph 69, Defendants admit that upon serving his suspension, Mr. Bashor was allowed to return to school but Defendants deny that he was allowed to return without any limits on his contacts with Doe.  Defendants state that Mr. Haynes called Doe's mother to inform her that Mr. Bashor would be present at the school the next Monday. Defendants admit that the parents sought a restraining order but lack sufficient knowledge and information to admit or deny the remaining allegations and therefore deny them.

70.     Answering paragraph 70, Defendants admit that on February 24, 2017, Missoula Justice of the Peace Landee Holloway entered a temporary order of protection.

71.     Answering paragraph 71, Defendants admit that after a hearing, Justice Holloway entered an order permanently restraining Mr. Bashor and ordered that he remain 15 feet away from Doe at the Frenchtown High School and 1500 feet away from Doe at other locations. Defendants deny that Justice Holloway found that Doe was in danger of harm from Mr. Bashor.

72.     Answering paragraph 72, Defendants admit the allegations.

73.     Answering paragraph 73, Defendants admit that Superintendent Cline wrote a letter informing Doe's parents that, among other things, the District had conducted an investigation and found that "Mr. Bashor did violate boundaries with your daughter" but that the District "could not substantiate allegations of inappropriate sexual contact." Further, Defendants deny that the letter discussed Mr. Bashor's suspension but admits that the letter stated that Mr. Bashor was instructed to have no contact with Doe and to refrain from physically contacting or texting any student anything unrelated to a specific school activity.  Defendants admit that the letter states that if Doe believes she is being retaliated by any person due to her involvement in this process, to let Mr. Cline know as soon as possible.

## Response to Allegation in Section Titled "FSD's Deliberate Indifference to Retaliation Against Doe"

74.     Answering paragraph 74, Defendants deny the allegations. Defendants state that they investigated all claims of harassment or retaliation that were reported to them.

75.     Answering paragraph 75, Defendants admit that Doe and her mother made reports to Mr. Haynes about instances they perceived to be harassment or bullying, but Defendants deny that they were made on a daily basis and deny that the administrators and teachers made no meaningful attempt to stop it.  Defendants state that they investigated all claims reported to them.

76.     Answering paragraph 76, Defendants lack sufficient knowledge and information to admit the allegations and therefore deny the allegations. Defendants state that Mr. Haynes investigated all allegations of harassment that were reported to him and deny that Doe informed them about many of the allegations in this paragraph.

77.     Answering paragraph 77, Defendants admit that Doe was in a creative writing class with other students on March 23, 2017, but deny the remainder of the allegations in this paragraph. Defendants further state that District teachers and staff were repeatedly told to report and/or intervene if they witnessed any conduct that could be considered harassment or bullying.

78.     Answering paragraph 78, Defendants lack sufficient knowledge and information to admit or deny the allegations about Doe receiving a text or the contents of the text and therefore deny the allegations.  Defendants deny the remaining allegations in the paragraph, specifically the allegations that pertain to Ms. Phippin.

79.     Answering paragraph 79, Defendants admit that Doe reported to Mr. Haynes that she was bumped by another student who she could not name and that he told her the security cameras were not working and the student could not be identified.  Defendants admit that upon a report of another instance, Mr. Haynes reviewed the security tape and informed Doe that the contact did not appear to be intentional and involved a student different from the first incident. Defendants state that Mr. Haynes called Doe's mother and asked her if she wanted to come to the school and review the tape to see it for herself, but she declined.

80.     Answering paragraph 80, Defendants deny that Doe informed them of the allegations, and therefore lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations. Defendants state that teachers were told to watch out for any behavior or conduct that could be considered harassment, and no teachers reported this to Defendants.

81.     Answering paragraph 81, Defendants lack sufficient knowledge and information to admit or deny the allegations related to students' attempts to friend

her on social media or sending her threatening messages and therefore deny the allegations. Defendants admit that one student used Doe's name in an online post related to a news article but clarifies it was removed after Mr. Haynes addressed the issue.  Defendants deny that Kailey Hood was an adult school volunteer and clarifies that the District has no control over her actions. Defendants admit that Doe's mother brought issues such as these to Mr. Haynes' attention and clarifies that he investigated each report to him. Defendants deny the remaining allegations in the paragraph.

      82.    Answering paragraph 82, Defendants deny the allegations that Doe faced retaliation from teachers and administrators at the District, and state that the District held meetings with staff asking them to watch for, stop and report any signs that Doe was the subject of any harassment or bullying. Defendants further state that they promptly investigated and addressed all reports of possible harassment, bullying and retaliation. Defendants state that a Frenchtown Elementary School teacher circulated a link to a Go Fund Me website started by a member of the public.  Defendants, upon learning of the link, sent an email to staff instructing them to immediately delete the email, and the elementary teacher was instructed that sending the link was inappropriate and was instructed not to use District email in relation to Mr. Bashor.  Defendants deny the remaining allegations in this paragraph.

83.     Answering paragraph 83, Defendants admit that Doe's parents appraised Mr. Haynes about allegations Doe believed were harassment, but Defendants deny little was done to stop it.  Defendants state they promptly investigated and acted on all allegations brought to their attention.

84.     Answering paragraph 84, Defendants deny the allegations.

85.     Answering paragraph 85, Defendants deny the allegations.

86.     Answering paragraph 86, Defendants deny that Doe informed them of the allegations, and therefore they lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

87.     Answering paragraph 87, Defendants deny the allegations.

**Response to Allegations in section titled "Superintendent Cline Attacks Doe's Credibility in the Missoulian"**

88.     Answering paragraph 88, Defendants admit that Superintendent Cline sent a press release to the Missoulian, and it was the newspaper that decided to publish it as an opinion piece.  The content of the piece speaks for itself and Defendants deny the remaining allegations in this paragraph.

89.     Answering paragraph 89, Defendants assert that the contents of the article speak for itself and deny any allegation of wrongdoing.

90.     Answering paragraph 90, Defendants deny the allegations.

91.     Answering paragraph 91, Defendants deny the allegations.

92.     Answering paragraph 92, Defendants lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

93.     Answering paragraph 93, Defendants lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations. Defendants state that these actions, if any, occurred off of school grounds that Defendants cannot control.

94.     Answering paragraph 94, Defendants admit that Doe left Frenchtown High School but deny the remaining allegations in the paragraph.

95.     Defendants lack sufficient knowledge and information to admit or deny the allegations and therefore deny the allegations.

**Response to Plaintiffs' First Claim for Relief**

96.     Answering paragraph 96, Defendants incorporate their prior responses.

97.     Answering paragraph 97, Defendants deny the allegations.

98.     Answering paragraph 98, Defendants deny the allegations.

99.     Answering paragraph 99, Defendants deny the allegations.

100.    Answering paragraph 100, Defendants deny the allegations.

101.    Answering paragraph 101, Defendants state that they did not violate Title IX and therefore deny they caused Doe to experience emotional or mental distress damages.

102.    Answering paragraph 102, Defendants state that they did not violate Title IX and deny the allegations.

## Response to Plaintiffs' Second Claim for Relief

103.    Answering paragraph 103, Defendants incorporate their prior responses.

104.    Answering paragraph 104, Defendants deny the allegations.

105.    Answering paragraph 105, Defendants deny the allegations.

106.    Answering paragraph 106, Defendants deny the allegations.

107.    Answering paragraph 107, Defendants deny the allegations.

108.    Answering paragraph 108, Defendants deny they violated Title IX and deny the allegations of damages.

109.    Answering paragraph 109, Defendants deny they violated Title IX and deny the allegations of damages.

## Response to Plaintiffs' Third Claim for Relief

110.    Answering paragraph 110, Defendants incorporate their prior responses.

111.    Answering paragraph 111, Defendants admit that Title IX prohibits retaliation for reports of sexual harassment or assault.

112.    Answering paragraph 112, Defendants deny the allegations.

113.    Answering paragraph 113, Defendants deny the allegations.

114.   Answering paragraph 114, Defendants deny the allegations.

## Response to Plaintiff's Fourth Claim for Relief

115.   Answering paragraph 115, Defendants incorporate their prior responses.

116.   Answering paragraph 116, Defendants deny the allegations.

117.   Answering paragraph 117, Defendants admit that Superintendent Cline had supervisory control over Mr. Bashor in his role as a teacher.

118.   Answering paragraph 118, Defendants deny the allegations.

119.   Answering paragraph 119, Defendants deny the allegations.

120.   Answering paragraph 120, Defendants deny the allegations.

The remainder of Plaintiffs' Complaint is a prayer for relief to which no response is necessary. To the extent a response is necessary, Defendants deny any allegations of wrongdoing or that they caused any damage to Plaintiffs.

## Defendants Defenses and Affirmative Defenses.

## First Defense

121.   Plaintiffs complaint fails to state claims upon which relief may be granted.

## Second Defense

122.   Defendants did not violate Title IX because they had polices designed to prevent and correct discrimination and, upon proper and actual notice of

23

allegations of discrimination, conducted a prompt and thorough investigation of Plaintiffs' allegations and implemented appropriate disciplinary sanctions and other corrective actions to address Doe's allegations and to remediate the effects of that conduct on her.  Many of the allegations in the Complaint were not reported to Defendants prior to the filing of this lawsuit. As such, Defendants did not have adequate and actual notice of those allegations.

### Third Defense

123.   Defendants did not act with deliberate indifference in response to Plaintiffs' allegations.

### Fourth Defense

124.   Defendants did not deprive Doe of access to the educational benefits or opportunities provided by the District.

### Fifth Defense

125.   Superintendent Cline is entitled to qualified immunity.

### Sixth Defense

126.   Neither Plaintiffs nor Doe were deprived any Constitutional right.

### Seventh Defense

127.   The damages cap and prohibition against punitive damages applicable to School Districts in Montana are applicable to this case.

WHEREFORE, having fully answered Plaintiffs' complaint, Defendants pray as follows:

1.     That the Court dismiss Plaintiffs' Complaint.

2.     That the Court enter judgment in favor of Defendants.

3.     That Defendants recover their attorney fees, costs and disbursements incurred herein;

4.     That Defendants be granted such other and further relief as the Court deems just and equitable.


**DEFENDANTS DEMAND A JURY TRIAL OF ALL TRIABLE ISSUES**


Dated this 24th day of January, 2018.

KALEVA LAW OFFICES
Attorney for Defendants Frenchtown
School District and Randy Cline

 /s/ Kevin Twidwell

Certificate of Service

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the Federal District Court of Montana, Missoula Division, by CM/ECF.

I certify that all participants in this case are registered CM/ECF users, who receive service electronically through the CM/ECF system:

Peter Michael Meloy
MELOY LAW FIRM
P.O. Box 1241
Helena, MT 59624-1241
406.442.8670

Dated this 24th day of January, 2018.

KALEVA LAW OFFICES
Attorney for Defendants Frenchtown
School District and Randy Cline


 /s/ Kevin Twidwell

26