John C. Clune
Lauren E. Groth
HUTCHINSON BLACK AND COOK, LLC
921 Walnut Street, Suite 200
Boulder, CO 80302
(303) 442-6514
clune@hbcboulder.com
groth@hbcboulder.com

Peter Michael Meloy
MELOY LAW FIRM
P.O. Box 1241
Helena, MT  59624-1241
(406) 442-8670
mike@meloylawfirm.com
        *Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| T.C. and G.C. as parents and next friends of JANE DOE, a minor<br><br>    Plaintiffs<br><br>v.<br><br>FRENCHTOWN SCHOOL DISTRICT, and RANDY CLINE, in his individual capacity,<br><br>    Defendant. | Case No. 9:17-cv-00176-DLC<br><br><br>**PLAINTIFFS' PRELIMINARY PRETRIAL STATEMENT** |

Plaintiffs, T.C., G.C. and Jane Doe, by and through their attorneys, submit

herewith, their Preliminary Pretrial Statement.

PLAINTIFFS' PRELIMINARY PRETRIAL STATEMENT                    Page 1

**A)**     <u>**A Brief Factual Outline of Case:**</u>

Ms. Doe is a former student at Frenchtown High School ("FHS"). She was repeatedly sexually harassed and assaulted by Frenchtown School District ("FSD") teacher Troy Bashor on December 20, 2016. Plaintiffs later learned that FSD was aware that Mr. Bashor had engaged in the same behavior towards another younger student, Student A, just two years earlier. In January 2017, the harassment and assault of Ms. Doe was reported to FSD officials and the Missoula County Sheriff's Office. In October 2017, Mr. Bashor was charged with misdemeanor sexual assault. Following the report, Ms. Doe suffered harassment and retaliation from both students and staff at FSD and subsequently transferred to another school. Ms. Doe filed this lawsuit on December 21, 2017. In January, 2018, Mr. Bashor was charged with a felony sexual assault of Student A. Defendants answered on January 24, 2018. Initial disclosures have been exchanged.

**B)**     <u>**Issues Concerning Jurisdiction and Venue:**</u>

This court has jurisdiction over this action under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2). Plaintiffs do not believe there are any issues concerning jurisdiction or venue at this time.

**C)**     <u>**Factual Basis of Each Claim:**</u>

Plaintiffs have three Title IX claims: a claim for indifference to a known substantial risk of harm, a claim for deliberate indifference to Jane Doe's report of abuse; and a claim for retaliation. Plaintiff also has a Section 1983 Equal Protection claim against Superintendent Randy Cline for his indifference to a substantial risk of harm.

In 2014, Student A reported to her mother that FSD teacher Troy Bashor was inappropriately touching and sexually harassing her while at school, including repeatedly putting his hands on her body, frequently giving full body hugs in school, and making inappropriate and flirtatious comments towards her. Student A's mother reported the conduct to FSD and spoke with a counselor and Superintendent Cline regarding Mr. Bashor's conduct. Despite this report, other than telling Mr. Bashor about this report, neither Superintendent Cline nor FSD took any further action to address the situation.  As a result of FSD's lack of response to this report of sexual assault by one of its teachers, Mr. Bashor was allowed to continue to teach without restriction or further supervision.  Predictably, Mr. Bashor went on to sexually harass and assault another student, Ms. Doe, in 2016.

As Mr. Bashor was the favorite teacher of many students, often times considered as much a friend to the high school students as a teacher, Ms. Doe's

classmates did not react well to her report of Mr. Bashor's sexual misconduct. After Jane Doe reported her assault in January 2017, she was subjected to an intensely hostile school environment.  FSD officials contributed to the hostility by failing to properly address both Mr. Bashor's sexual misconduct towards both Student A and Ms. Doe and failing to address retaliation by students and other FSD teachers toward Ms. Doe.   After Ms. Doe reported her assault to FSD, FSD conducted a minimal investigation into Ms. Doe's allegations, and concluded that Mr. Bashor had shown "poor judgment in maintaining professional boundaries between himself and some of his students."  FSD yet again put no conditions, restrictions, supervision, or training in place for Mr. Bashor and Ms. Doe was forced to return to school with Mr. Bashor and a now-hostile student body. Ms. Doe's parents sought and received a court order of protection to restrain Mr. Bashor, but the terms of that order only prohibited Mr. Bashor from coming within 15 feet of Ms. Doe.

At the same time that Ms. Doe was dealing with the hostility at school created by Mr. Bashor's ongoing presence, Ms. Doe also faced severe harassment from classmates and teachers for reporting her assault, including threats, bullying and ostracization. For reasons unknown, on March 22, 2017, Superintendent Cline sent out a press release to numerous local media outlets that questioned the

credibility of Ms. Doe and the hostility intensified, often times citing to that press release as evidence of the false nature of Ms. Doe's report.  Despite repeated attempts to report the ongoing harassment to FSD officials, little was done in response.  This deliberate indifference to harassment and a hostile educational environment was clearly unreasonable and is the basis for Ms. Doe's second Title IX claim.

Finally, Defendant Cline's press release to the media that also included emailing her federally protected student records without her permission, is the basis for her retaliation claim. These actions were taken in direct response to Ms. Doe's reporting and subjected her to further harassment and hostility.

**D)** **Legal Theory Underlying Each Claim:**

Title IX prohibits educational institutions that receive federal funding from discriminating against students "on the basis of sex." *See* 20 U.S.C. § 1681(a). As articulated by the Supreme Court, "educational institutions, including colleges and universities, may be liable for money damages if the institutions demonstrate deliberate indifference to known sexual harassment between students and fail to take timely measures to end that sexual harassment." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629 (1999).

To establish a Title IX claim arising from a teacher's sexual harassment of a student, a plaintiff must show, by a preponderance of the evidence, that (1) an educational institution had actual knowledge of  harassment by a teacher; (2) and failed to adequately respond to the harassment (also known as deliberate indifference); and, (3)  as a result, the plaintiff was subjected to sexual harassment from the teacher, resulting in   (4) discrimination so severe, pervasive, and objectively offensive so as to be denied access to educational opportunities. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998).

Likewise, to establish a Title IX claim for an ongoing hostile educational environment caused by student-on-student harassment, a plaintiff must show, by a preponderance of the evidence, that (1) that the educational institution had actual knowledge of, (2) and was deliberately indifferent to, (3) harassment that was so severe, pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school.  *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629 (1999).

Claims for retaliation are also actionable under Title IX.  *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171 (2005). To prove a claim for retaliation under Title IX, a plaintiff must show, by a preponderance of the evidence, (1) that she was engaged in a protected activity; (2) that she suffered an

adverse action; and (3) that there was a causal link between the two.   *Emeldi v. Univ. Of Oregon,* 698 F.3d 715, 724 (9th Cir. 2012).

Finally, in the Ninth Circuit, to establish a Section 1983 equal protection violation, a plaintiff must show that the individual defendant, acting under color of state law, discriminated against the plaintiff as a member of an identifiable class and that the discrimination was either intentional or occasioned by deliberate indifference.  *Flores v. Morgan Hill Unified Sch. Dist.*, 323 F.3d 1130, 1135 (9th Cir. 2003).

### E)   <u>Computation of Damages</u>:

<u>Economic Damages</u>:   These damages include expenses for past and future treatment for the psychological harm associated with the repeated sexual harassment and assault by her teacher, as well as costs associated for relocating from Frenchtown to another community.  Future treatment and medical cost will be assessed by experts and addressed in expert testimony.

<u>Non-Economic Damages</u>:   Plaintiffs' non-economic damages include the emotional impact of being repeatedly harassed and assaulted at a young age by an adult in a position of trust, as well as being subjected to an environment of ongoing harassment.  Because Defendants are alleged to have engaged in conduct that

would have prevented the repeated sexual assaults of the Jane Doe entirely, Plaintiffs' damages are substantial.

Attorneys' Fees, Costs and Interest:  Plaintiffs also seek an award of attorney fees and costs, pursuant to 42 U.S.C. §1988(b), as well as all statutory and mandatory interest.

### F)      Pendency of Related State or Federal Litigation:

Mr. Bashor is currently facing criminal charges in Montana State court for the sexual assault of both Jane Doe and Student A.

### G)      Proposed Stipulations of Fact and Law:

1.      Prior to Jane Doe enrolling at FSD, FSD was aware of at least one report of teacher Troy Bashor's inappropriate behavior and lack of boundaries with at least one female student at FSD.

2.      Defendant, Randy Cline, was aware of this report and spoke with the reporting mother of the student.

3.      In January, 2017, Defendant FSD found the Mr. Bashor violated professional boundaries in regards to Jane Doe's report of misconduct.

4.      Jane Doe experienced retaliation and hostility at school after reporting Troy Bashor's behavior.

PLAINTIFFS' PRELIMINARY PRETRIAL STATEMENT                    Page 8

5.     The laws that apply to this case are Title IX of the educational amendments, 42 USC 1983, and Mont Code Ann 41-3-201 covering Montana's Mandatory Reporting law.

**H)     Proposed Deadlines for Joinder of Parties or Amendment of Pleadings:**

(a)     Plaintiffs are allowed until March 15, 2018 to join additional parties and to amend the pleadings.

(b)     Defendants are allowed until April 15, 2018 to join additional parties and to amend the pleadings.

**I)     Identification of Controlling Issues of Law Suitable for Pretrial Disposition:**

None.

**(J)     The name and residence of witnesses:**

1.     Jane Doe, Alberton, MT.  Jane Doe has knowledge concerning all of the circumstances from which the instant claim arises.

2.     T.C., Alberton, MT. T.C. has knowledge concerning all of the circumstances from which the instant claim arises.

3.     G.C., Alberton, MT.  G.C. has knowledge concerning all of the circumstances from which the instant claim arises.

4.     Randy Cline, Frenchtown, MT.   Mr. Cline has knowledge concerning all of the circumstances from which the instant claim arises.

5.     Jacob Haynes, Frenchtown, MT. Mr Haynes has knowledge concerning all of the circumstances from which the instant claim arises.

6.     Kipp Lewis, Frenchtown, MT.   Mr. Lewis has knowledge concerning all of the circumstances from which the instant claim arises.

7.     Paul Hutchison, Frenchtown, MT.    Mr. Hutchinson has knowledge regarding speaking with Troy Bashor after hearing of his treatment of Student A, allegations against Mr. Bashor, and information regarding Student A.

8.     Eric Coie, Frenchtown, MT.  Mr. Coie has knowledge regarding Student A, Student A's allegations against Troy Bashor, and speaking with Principal Haynes about these allegations.

9.     Troy Bashor, Frenchtown, MT.   Mr. Bashor has knowledge concerning all of the circumstances from which the instant claim arises.

10.     Katherine Ann Park, Missoula, MT.   Ms. Park has knowledge concerning Troy Bashor's conduct at Frenchtown High School.

11.     Detective Lt. Robert Kennedy, Missoula County Sheriff's Office, Missoula, MT.  Detective Kennedy has knowledge concerning his investigation of claims against Troy Bashor.

12.     Deputy J. White, Missoula County Sheriff's Office, Missoula, MT. Deputy White has knowledge concerning the investigation of claims against Tryo Bashor.

13.     Rebecca Calabrese, Missoula County Sheriff's Office, Missoula, MT.  Ms. Calabrese has knowledge concerning the investigation of claims against Troy Bashor.

14.     Aubrei Cloud, Missoula, MT.   Ms. Cloud has knowledge concerning the circumstances that caused her to call the Missoula sex-abuse hotline.

15.     Faith Mobley, Missoula, MT.   Ms. Mobley has knowledge concerning Troy Bashor's treatment of students and the general environment at Frenchtown High School.

16.     Brooklyn Sewell, Missoula, MT.   Ms. Sewell has knowledge concerning Troy Bashor's treatment of students and the general environment at Frenchtown High School.

17.     Laurel Duncan.   Missoula, MT. Ms. Duncan has knowledge concerning Troy Bashor's treatment of students and the general environment at Frenchtown High School.

18.     Conner Duncan, Missoula, MT.   Mr. Duncan has knowledge concerning Troy Bashor's treatment of students and the general environment at Frenchtown High School.

19.     Bridget Rowe, Frenchtown, MT.   Ms. Rowe has knowledge concerning speaking with Ms. Doe in her capacity as a school counselor at Frenchtown High School.

20.     Ms. Phippin, Frenchtown, MT.   Ms. Phippin has knowledge concerning harassment of Ms. Doe in study hall class.

21.     Mrs. Mazzola, Frenchtown, MT.   Ms. Mazzola has knowledge concerning harassment of Ms. Doe at Frenchtown High School.

**K)     Substance of any insurance coverage:**

None from the Plaintiff

**L)     Status of Settlement Discussions and Prospects for Compromise of the Case:**

No settlement discussions have taken place and Plaintiffs believe that prospects for compromise or settlement are fair.

**M)     Special Procedures:**

Plaintiffs do not believe any special procedures are necessary or appropriate. They believe the case should be ready for trial in 2019 as set forth in the Report of Parties' Planning Meeting.

Dated:  March 1, 2018

By:     /s/ John C. Clune
        John C. Clune
        HUTCHINSON BLACK AND
        COOK, LLC
        921 Walnut Street, Suite 200
        Boulder, CO 80302

PLAINTIFFS' PRELIMINARY PRETRIAL STATEMENT                           Page 13

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2018 I electronically filed the foregoing with the Clerk of Court for the Federal District Court of Montana, Missoula Division, by CM/ECF.

I certify that all participants in this case are registered CM/ECF users, who receive service electronically through the CM/ECF system:

Kaleva Law Offices
Elizabeth A. Kaleva
Kevin Twidwell
P.O. Box 9312
Missoula, MT 59807
*Attorney for Defendant District*

Elizabeth O'Halloran
Kaleva Law Offices
P.O. Box 9312
Missoula, MT 59807
*Additional Attorney for Defendant Cline*

/s/ John C Clune
John C Clune

PLAINTIFFS' PRELIMINARY PRETRIAL STATEMENT                    Page 14