Elizabeth A. Kaleva
Kevin A. Twidwell
Elizabeth A. O'Halloran
KALEVA LAW OFFICES
1911 S. Higgins Ave.
P.O. Box 9312
Missoula, MT 590807-9312
406.542.1300 (Office)
406.721.1046 (Fax)
eakaleva@kalevalaw.com
ktwidwell@kalevalaw.com
bohalloran@kalevalaw.com
Attorney for Defendants Frenchtown
School District and Randy Cline

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| T.C. and G.C., as parents and next friends of JANE DOE, a minor,  Plaintiffs,  v.  FRENCHTOWN SCHOOL DISTRICT and RANDY CLINE, in his individual capacity,  Defendants. | Civil Action No. CV 17-176-M-DLC   DEFENDANTS FRENCHTOWN SCHOOL DISTRICT AND RANDY CLINE'S PRELIMINARY PRETRIAL STATEMENT |

Defendants Frenchtown School District (School District") and Randy Cline,

by and through counsel of record, Kaleva Law Offices, hereby submit their

1

Preliminary Pretrial Statement pursuant to Federal Rule of Civil Procedure 26(a)(a) and Local Rule 16(b)(1), for the Pretrial Conference scheduled on March 8, 2018, at 1:30 p.m. at the Russell Smith Courthouse in Missoula, Montana.

### A.  Brief Factual Outline of the Case

On January 12, 2017, about 2:20 p.m., the School District administration was notified by a counselor that Doe told her that teacher Troy Bashor had inappropriate contact with her in December 2016. Frenchtown High School Principal Jake Haynes, Vice-Principal Kipp Lewis and the counselor spoke with Doe about her concerns for about ten (10) minutes before calling Doe's parents and informing them of a need to meet to discuss Doe's concerns. Mr. Haynes, Mr. Lewis, Doe and her parents met and discussed the allegations on the morning of January 13, 2017. On that same day, a Missoula County Sheriff's Office investigator contacted Mr. Haynes and informed him that the office had received an anonymous complaint about Mr. Bashor and that the Sheriff's Office was investigating the complaint.

Within eighteen (18) hours of receiving the allegations from Doe, the School District placed Mr. Bashor on administrative leave while the School District conducted a Title IX investigation into the claims by Doe. Over the next several days, the School District interviewed numerous students, Mr. Bashor, other teachers and school staff.  As part of the investigation, the Mr. Haynes and Mr.

Lewis spoke with the individual identified as Student A in the Complaint. Two years prior to these allegations, Student A's mother had informed a school counselor that her daughter felt uncomfortable around Mr. Bashor, specifically that she was uncomfortable when Mr. Bashor hugged her. Student A made no sexual allegations against Mr. Bashor at that time. Student A's mother asked that her concern remain anonymous and spoke only to the counselor.  The District met with Mr. Bashor and counseled him on appropriate professional boundaries and directed him to refrain from engaging in hugs and any other boundary violations. After the meeting with Mr. Bashor, the counselor contacted Student A's mother and told her that Mr. Bashor had been talked to by the District about his interactions with Student A.  Student A's mother indicated to the counselor she was satisfied with that result and Student A remained in Mr. Bashor's elective class for the remainder of the school year. Student A also took Mr. Bashor's elective classes for the following two school years and during that time there were no further complaints to the District about Mr. Bashor from Student A or Student A's mother until Mr. Haynes and Mr. Lewis spoke with Student A in January 2017.

During the School District investigation in 2017, the administration discovered discrepancies that it wanted to clear up with Doe, but she did not cooperate any further with the investigation. Doe's parents told Mr. Haynes that the Sheriff's investigator had told Doe not to participate in any further interviews.

From that time forward, Doe refused to participate in the School District's investigation.

As part of the investigation, the School District spoke with Mr. Bashor about the allegations, and he denied any contact of a sexual nature, stating that he did give mutual side-hugs to Doe, sometimes texted her and played games via social media with her and other students at times. At the conclusion of the investigation, the School District disciplined Mr. Bashor for having boundary issues with students, including hugs, sending text messages and playing online games with students. The investigation did not substantiate any inappropriate touching of a sexual nature. The School District suspended Mr. Bashor without pay and placed him on a plan of improvement that outlined professional boundaries and standards of conduct he was instructed to follow.

During the investigation, the School District maintained contact with the Missoula County Sheriff' investigator who told the School District he had spoken with the County Attorney's Office and he did not expect any criminal charges to be filed. The investigator also told the School District he would provide the School District with information learned in the Sheriff's inquiry so that it could be used by the School District in its investigation. The Sheriff's Office has not provided any such information to the School District.

After Mr. Bashor finished his suspension, Mr. Haynes contacted Doe's mother and informed her that he would be returning to the school. A short time later, Doe sought a restraining order against Mr. Bashor and a hearing was held. Statements made in the hearing and in the application for the Order by Doe were inconsistent with what she initially told to the School District and included many new allegations against Mr. Bashor. The Justice Court issued a restraining order and then a permanent order of protection against Mr. Bashor with the understanding that Mr. Bashor and Doe would both be at the high school at the same time throughout the school day.

In March 2017, to correct erroneous information reported in the Missoula media, Mr. Cline issued a press release about the School District's investigation and conclusions. The press release did not disclose any student names or personally identifying information about the students who made the allegations against Mr. Bashor.

After Mr. Bashor's return to the school, the School District made efforts to make sure Doe and Mr. Bashor did not interact with each other, including limiting the areas where Mr. Bashor could go in the school and instructing Doe to report any concerns she might have.

In October 2017, the Missoula County Attorney's Office filed a charge of misdemeanor sexual assault against Mr. Bashor related to allegations made by

Doe. Mr. Bashor was immediately again placed on administrative leave while the charges were pending. Again, allegations made in the charging documents were new to the School District, and the School District attempted to investigate them but Doe did not cooperate with the investigation despite requests to do so.

In December 2017, Doe filed this action against the School District and Superintendent Cline. Once again, the lawsuit contained new allegations by Doe against Mr. Bashor that were not presented earlier to the School District for investigation. Doe has not cooperated with the School District's attempts to investigate the new allegations.

In early February, the Missoula County Attorney's Office filed a felony sexual assault charge against Mr. Bashor related to allegations made by the individual identified as Student A in the Complaint. The charging documents again contained allegations that were inconsistent with what Student A told to the School District.

Following Mr. Bashor's suspension and charges, the School District promptly investigated and dealt with claims by Doe and her mother that school officials and students retaliated against Doe. Teachers and staff were told to watch for any conduct that could be considered bullying or retaliation, and to stop such conduct and report it to the administration. Mr. Haynes and/or Mr. Lewis personally investigated each allegation brought to the School District's attention,

6

addressed each allegation and kept Doe and her mother apprised of all findings and that actions were being taken when appropriate.

Doe eventually left the School District.

## B. Jurisdiction and Venue

Plaintiffs have alleged the Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue is alleged to be proper in this District under 28 U.S.C. § 1391. Defendants admitted that jurisdiction and venue are appropriate.

## C. Factual Basis for Defenses

1. Upon receipt of allegations of inappropriate conduct against Mr. Bashor, the School District conducted a prompt and thorough investigation, including interviewing students making the allegations, the students' parents, other student witnesses, Mr. Bashor and other teachers and staff. Mr. Haynes and Mr. Lewis met with Doe on the day she raised the allegations, and met again with Doe and her parents the next morning. Over the next two weeks, Mr. Haynes and Mr. Lewis met with Student A, several teachers and numerous other students who had been identified as having knowledge about Mr. Bashor's conduct. Many of the witnesses informed the School District that Mr. Bashor hugged students, touched them in a non-sexual way, sent text messages to students, played online games with students and allowed students to eat their lunch in his classroom. None of the

students admitted to witnessing any improper conduct of a sexual nature by Mr. Bashor.

2. Based on the information that was provided to the School District at the time by Doe and Student A and its investigation, the School District implemented appropriate disciplinary sanctions and took other corrective measures, including the suspension of Mr. Bashor. The School District also implemented a Teacher Improvement Plan to address the boundary issues. Further, the School District made efforts to ensure that Mr. Bashor and Doe did not interact at the school, instructed teachers and staff to watch for and stop any conduct that could be considered bullying or retaliation against Doe, and it investigated and addressed all claims by Doe and her mother of any perceived retaliation. Mr. Haynes and/or Mr. Lewis investigated all claims of harassment or retaliation, including interviewing students accused of retaliation, viewing video tape of an alleged incident, and consulting with Doe's teachers about Doe. The results of their inquiry into the claims were communicated to Doe and her mother.

3. When additional allegations were made in court documents and otherwise that were new to the School District or were inconsistent with statements made previously by the students, the School District attempted to investigate those claims but Doe would not cooperate.

4. Mr. Cline at all times was acting in his capacity as the District Superintendent.

5. The press release issued by the District did not constitute private educational records and did not disclose the name of the students nor any personally identifiable information. It was issued to correct erroneous information reported in the Missoula area media.

### D. Legal Theories for Defenses

1. Damages are only available for violations of Title IX if "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." *Gebser v. Lago Vista Independent Sch. Dist.*, 524 U.S. 274, 290, 118 S. Ct. 1989, 141 L. Ed. 2d 277 (1998). Damages may not be assessed on "principles of respondeat superior or constructive notice[,]" and actual notice to an official of the defendant is required. *Id.* at 285; *see also Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 641, 119 S. Ct. 1661, 143 L. Ed. 2d 839 (1999); and, *Oden v. N. Marianas Coll.*, 440 F.3d 1085, 1088-89 (9th Cir. 2006). Liability, if any, is based on the district's own intentional conduct after receiving actual notice of sexual harassment. *Gebser*, at 277.

Here, the School District did not receive proper notice of all the allegations made against Mr. Bashor. Many of the claims made in the Complaint were not presented to the School District for investigation, and when they were made, Doe did not cooperate with school officials. At the time of the investigation, the School District possessed some but not sufficiently detailed knowledge of the claims of sexual misconduct as alleged by the students in later filings. The School District promptly investigated the allegations that were presented to it by Student A and Doe and took remedial action.

2. The deliberate indifference standard in sexual assault cases under Title IX protects school administrations that do investigate and attempt to remedy complaints, and judges are not permitted to substitute their views for those of not clearly unreasonable administrators. To establish deliberate indifference, a plaintiff must demonstrate that a district's response "was clearly unreasonable in light of the known circumstances." *Davis*, 526 U.S. at 644-65. Here, the School District conducted a prompt and thorough investigation of the allegations students made against Mr. Bashor in January 2017. The School District took reasonable remedial action following the investigation.

3. For many of the same reasons, Plaintiffs cannot demonstrate that Cline (or any district administrator) discriminated intentionally or acted with deliberate indifference toward Doe's allegations of retaliation by staff or her peers. With

reference to the issue of responses to peer harassment, "deliberate indifference" is found if the school administrator "responds to known peer harassment in a manner that is . . . clearly unreasonable." *Davis*, 526 U.S. at 649. The School District investigated, addressed and remedied all claims of retaliation that were brought to them.

    4.  To the extent that Plaintiffs base their § 1983 claim against Mr. Cline on violation of Montana's mandatory reporting statute, Plaintiffs fail to state a claim upon which relief may be granted, as § 1983 does not afford redress for violations of Montana statute.  There is no such cause of action under 42 U.S.C. § 1983. *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981).

    5. To the extent that Plaintiffs base her claim for punitive damages on violations of state statute or constitutional rights protected under the Montana constitution, such damages are precluded by Montana Code Annotated § 2-9-105. Further, Defendant Cline is immune from any claims for damages based on violations of state statute or constitutional rights protected under the Montana Constitution, based on Montana Code Annotated § 2-9-305(5). Cline is immune from Plaintiffs § 1983 claims as Plaintiffs' federal statutory or constitutional rights were not clearly established to the extent a reasonable person would have known of their existence. *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th

Cir. 2003); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982).

5. The press release issued by Mr. Cline does not constitute private educational records under The Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g).

### E.  Computation of Damages

Defendants are not seeking damages.

### F.  Pendency of related State or Federal Litigation

The Missoula County Attorney's Office has filed two separate criminal cases against Mr. Bashor, a misdemeanor sexual assault claim regarding Doe, and a felony sexual assault claim regarding the person identified as Student A in the Complaint. Those charges are pending.

The Frenchtown School District has filed an Application with the Montana District Court in Missoula seeking the release of criminal justice information in the possession of Missoula County. The County has opposed the application, and no order has been issued.

### G.  Proposed Additional Stipulations of Fact Not Included in the Statement of Stipulated Facts Filed Pursuant to Local Rule 16.2(b)(3) and Parties' Understanding as to What Law Applies

<u>Defendants' Proposed Additional Stipulations of Fact</u>

1. The School District is a political subdivision of the State of Montana.

2. At all times, Mr. Cline was acting in his capacity as Superintendent of the School District.

3. The School District conducted a prompt investigation of the allegations Doe presented to it.

4. Doe did not assert to the School District all of the allegations she has made in the Complaint or in the criminal cases.

**H. Proposed Deadlines Regarding Joinder of Parties or Amendment of the Pleadings**

Plaintiffs should be allowed until March 15, 2018 to join additional parties and to amend the pleadings.

Defendants should be allowed until April 15, 2018 to join additional parties and to amend the pleadings.

**I. Identification of Controlling Issues of Law Suitable for Pretrial Disposition**

1. Whether Doe provided adequate notice to the School District so that it could conduct an appropriate investigation and take remedial action given that many of the allegations she asserts now were not presented to the School District.

2. Whether the School District and Mr. Cline acted with deliberate indifference to Doe's claims.

3. Whether Mr. Cline is entitled to qualified immunity.

## J. Individuals Believed to Have Information Relating to Defenses

1. Randy Cline, c/o Kaleva Law Offices, 1911 S. Higgins Ave., Missoula, Montana 59801, (406) 542-1300. Mr. Cline is the superintendent of the District and likely has information regarding Doe, allegations against Mr. Bashor, the investigations done by the District, disciplinary actions by the District, and other circumstances related to the claims and defenses in this action.

2. Jacob Haynes, c/o Kaleva Law Offices, 1911 S. Higgins Ave., Missoula, Montana 59801, (406) 542-1300. Mr. Haynes is the principal of Frenchtown High School and likely has information regarding Doe, allegations against Mr. Bashor, the investigations done by the District, disciplinary actions by the District, and other circumstances related to the claims and defenses in this action.

3. Kipp Lewis, c/o Kaleva Law Offices, 1911 S. Higgins Ave., Missoula, Montana 59801, (406) 542-1300. Mr. Lewis is vice-principal of Frenchtown High School and likely has information regarding Doe, allegations against Mr. Bashor, the investigations done by the District, disciplinary actions by the District, and other circumstances related to the claims and defenses in this action.

4. Doe, c/o Hutchinson Black and Cook, LLC, 921 Walnut Street, Suite 200, Boulder, Colo., 80302, (303) 442-6514. She is likely to have information regarding the issues raised in this action.

5. Doe's mother, c/o Hutchinson Black and Cook, LLC, 921 Walnut Street, Suite 200, Boulder, Colo., 80302, (303) 442-6514. She is likely to have information regarding the issues raised in this action.

6. Doe's Father, c/o Hutchinson Black and Cook, LLC, 921 Walnut Street, Suite 200, Boulder, Colo., 80302, (303) 442-6514. He is likely to have information regarding the issues raised in this action.

7. Student A. She is likely to have information regarding the claims made about her in the Complaint and discussions with District personnel.

8. Student A's mother. She is likely to have information about her daughter's allegations and her discussions with the District.

9. Bridgete Rowe, Western Montana Mental Health. She is an addiction counselor who is likely to have information about the claims in this action and her conversation with District personnel.

10. Eric Cioe, c/o Kaleva Law Offices, 1911 S. Higgins Ave., Missoula, Montana 59801, (406) 542-1300. Mr. Cioe is a teacher at Frenchtown High School and likely has information regarding allegations by Student A against Mr. Bashor, his discussion with Student A the investigations done by the District, disciplinary actions by the District, and other circumstances related to the claims and defenses in this action.

11. Detective Robert Kennedy, Missoula County Sheriff's Office, 200 West Broadway, Missoula, Montana 59801, (406) 258-4810 is likely to have information about the investigation he conducted and his conversations with the District.

12. Troy Bashor, c/o Peter Lacny, 201 W. Main St., Missoula, Mt 59802. He likely has information about the allegations, the District's response, and other circumstances related to the claims in this action.

13. Paul Hutchison, c/o Kaleva Law Offices, 1911 S. Higgins Ave., Missoula, Montana 59801, (406) 542-1300. Mr. Hutchison is a teacher at Frenchtown High School and likely has information regarding Student A, allegations against Mr. Bashor, his discussion with Mr. Bashor, and other circumstances related to the claims and defenses in this action.

14. Veronica Phippin, c/o Kaleva Law Offices, 1911 S. Higgins Ave., Missoula, Montana 59801, (406) 542-1300. Ms. Phippin is a study hall/administrative assistant at Frenchtown High School and likely has information regarding Doe's allegations of retaliation and comments attributed to her in the Complaint and other allegations and other circumstances related to the claims and defenses in this action.

15. Kari Mazzola, c/o Kaleva Law Offices, 1911 S. Higgins Ave., Missoula, Montana 59801, (406) 542-1300. Ms. Mazzola is a teacher at Frenchtown High School and likely has information regarding Doe and her allegations of retaliation, and other circumstances related to the claims and defenses in this action.

16. District teachers and staff who likely have information about Doe's classroom demeanor, the other students' reactions to her, the District's directives to staff to watch for and report any alleged retaliation, the investigation by the District, and their interactions with Troy Bashor as a colleague and/or employee include:

    a. Mark McMurray – Frenchtown Junior High Principal. In addition to above, he is likely to have information about the anonymous complaint made about Mr. Bashor.

    b. Danielle Watkinson - Former Frenchtown Junior High Counselor (2014-2015) In addition to the above, she is likely to have information about her discussions with Student A and another student. She is likely to have information about the anonymous complaint she received about Mr. Bashor.

    c. Rod Paskey - Former Frenchtown High School Dean of Students (2014-2016). In addition to the above, he is likely to have information about his interactions with Mr. Bashor.

    d. Robyn Richardson - Frenchtown Junior High Counselor. In addition to the above, she is likely to have information about Student A's school schedule, how the schedule was decided, and the elective nature of the classes with Mr. Bashor.

    e. Beth Terzo - Frenchtown High School Counselor. In addition to the above, she is likely to have information about Doe's and Student A's school schedule, how the schedule was decided, and the elective nature of the classes with Mr. Bashor.

    f. Billie Warner - Frenchtown High School Secretary. In addition to the above, she is likely to have information about the District's efforts to avoid contact between Mr. Bashor and Doe.

    g. Angie Gibbs - Frenchtown High School Activities Secretary. In addition to the above, she is likely to have information about the District's efforts to avoid contact between Mr. Bashor and Doe.

    h. Cindy Felton - Frenchtown Junior High Secretary. In addition to the above, she is likely to have information about the District's efforts to avoid contact between Mr. Bashor and Doe.

i. Judy Everett - Frenchtown Elementary Teacher. In addition to the above, she is likely to have information about the District's efforts to respond to claims of retaliation.

j. Eli Field - Frenchtown High School Math Teacher and activity coordinator. In addition to the above, he is likely to have information about Student A's allegations and the interaction between Doe and other students.

k. Jesse Long- Frenchtown High School History Teacher. In addition to the above, he is likely to have information about Doe's interaction with other students and her claim of retaliation.

l. Mandi Klimpel - Frenchtown High School English Teacher. In addition to the above, she is likely to have information about Doe's interaction with other students and her claim of retaliation.

m. Lori Quinn - Frenchtown High School Math Teacher. In addition to the above, she is likely to have information about Doe's interaction with other students and her claim of retaliation.

n. John Nelson - Frenchtown High School Band Teacher. In addition to the above, he is likely to have information about Mr. Bashor's interactions with students.

o. Brendyn McGlynn- Frenchtown Elementary/High School Music Teacher. In addition to the above, he is likely to have information about Mr. Bashor's interactions with students.

p. Elaina Blass- Frenchtown Elementary Music Teacher. In addition to the above, she is likely to have information about Mr. Bashor's interactions with students.

q. Lisa Fall - Frenchtown High School Paraprofessional. In addition to the above, she is likely to have information about the efforts of the District to avoid contact between Mr. Bashor and Doe.

r. Carol Miller- Frenchtown High School Paraprofessional. In addition to the above, she is likely to have information about the efforts of the District to avoid contact between Mr. Bashor and Doe.

s. Jon Fimmel – Former Frenchtown Junior High Principal (2006-2012) and FHS Dean of Students (2013-2014). In addition to the above, he is likely to have information about issues in the Complaint as he was Mr. Bashor's supervisor.

t. Judy McKay – Frenchtown Intermediate Principal (2007-2014). In addition to the above, she is likely to have information about issues in the Complaint as she was Mr. Bashor's supervisor.

u. Jessica Shourds - Frenchtown Intermediate Principal (2014-2015). In addition to the above, she is likely to have information about issues in the Complaint as she was Mr. Bashor's supervisor.

v. Riley Devins - Frenchtown Intermediate Principal. In addition to the above, he is likely to have information about issues in the Complaint as he was Mr. Bashor's supervisor.

w. Aaron Griffin - Frenchtown Elementary Principal. In addition to the above, he is likely to have information about issues in the Complaint as he was Mr. Bashor's supervisor.

17. Numerous Frenchtown students, including minors, have information about Student A's and Doe's allegations, their demeanor, the other students' reactions to them, the District's response to allegations of retaliation and their interactions with Troy Bashor.  The School District has provided the names of the students to counsel for Doe but do not list them here for privacy reasons.

### K.  Insurance Agreements

The School District has an insurance agreement that covers some or all of the damages asserted in the Complaint.

### L.  Status of Settlement Discussions and Prospects of Compromise

The parties have not engaged in any settlement discussions.

## M. Suitability of Special Procedures

Defendants are not aware of any special procedures at this time.

Dated this 1st day of March, 2018.

>KALEVA LAW OFFICES
>Attorney for Defendants Frenchtown
>School District and Randy Cline
>
>  /s/ Kevin Twidwell

Certificate of Service

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the Federal District Court of Montana, Missoula Division, by CM/ECF.

I certify that all participants in this case are registered CM/ECF users, who receive service electronically through the CM/ECF system:

Peter Michael Meloy
MELOY LAW FIRM
P.O. Box 1241
Helena, MT 59624-1241
406.442.8670

John Clune
Lauren E. Groth
HUTCHINSON BLACK AND COOK, LLC
921 Walnut St., Suite 200
Boulder, CO 80302
303.442.6514

Dated this 1st day of March, 2018.

                                            KALEVA LAW OFFICES
                                            Attorney for Defendants Frenchtown
                                            School District and Randy Cline

                                             /s/ Kevin Twidwell