IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| T.C. and G.C., as parents and next friends of JANE DOE, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>FRENCHTOWN SCHOOL DISTRICT and RANDY CLINE, in his individual capacity,<br><br>Defendants. | CV 17–176–M–DWM<br><br><br>ORDER |

A preliminary pretrial conference in this case was held on March 8, 2018, at the Russell Smith Courthouse, Missoula, Montana.  Plaintiff was represented by John Clune and Peter M. Meloy.  Defendant was represented by Elizabeth O'Halloran and Kevin Twidwell.  After discussion and upon the agreement of the parties, the following order is entered.

**1.  The following schedule will govern all further pretrial proceedings:**

Deadline for Amending Pleadings:          April 15, 2018

Disclosure of Plaintiff's
Damages Experts and Simultaneous
Disclosure of Liability Experts:          September 14, 2018

| | |
|---|---|
| Disclosure of Defendant's Damages Experts: | October 15, 2018 |
| Discovery Deadline: | December 3, 2018 |
| Motions Deadline (including motions *in limine*) (fully briefed): | January 2, 2019 |
| Attorney Conference to Prepare Final Pretrial Order: | week of Monday, March 18, 2019 |
| File Proposed Final Pretrial Order, Proposed Jury Instructions, Proposed Voir Dire Questions, and Trial Briefs and e-mail to dwm_propord@mtd.uscourts.gov (Trial Briefs are optional): | March 28, 2019 |
| Notice to Court Reporter of Intent to Use Real-Time: | March 28, 2019 |
| Notice to I.T. Supervisor of Intent to Use Electronic Exhibits or Videoconferencing: | March 28, 2019 |
| Final Pretrial Conference: | April 4, 2019, at 2:30 p.m. Russell Smith Courthouse, Missoula, Montana |
| Jury Trial (7-member jury): | April 15, 2019 at 9:00 a.m.[1] Russell Smith Courthouse Missoula, Montana |

---

[1] Pursuant to 18 U.S.C. § 3161(h) and Federal Rule of Criminal Procedure 50, criminal matters take priority over civil matters in the event of a conflict.  Accordingly, all civil trial settings are subject to the Court's criminal calendar.

**The parties may stipulate to the extension of any of the above deadlines that precede the motions deadline, without a court order.  However, parties seeking a continuance of the motions deadline or any subsequent deadline must file a motion with the Court.  Such motions will not be granted absent compelling reasons, which do not include delay attributable to the parties' stipulated extensions.**

**IT IS FURTHER ORDERED:**

2.  **Local Rules and Electronic Filing.**  Parties are advised that revised Local Rules for the District of Montana became effective December 1, 2017, and apply in all cases pending when changes become effective.  In addition, all counsel must register and file electronically unless good cause can be shown.  L.R. 1.4(c)(1).  Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office.  *See also* L.R. 1.4.

3.  **Stipulations.**  Pursuant to Federal Rule of Civil Procedure 16(c)(2)(C), the following facts are admitted and agreed upon:

    a.    Frenchtown School District is a Montana public school district that receives state and federal funding and is subject to Title IX.

    b.    Student A enrolled in Frenchtown Junior High School as a seventh grader in 2014 and is currently enrolled at Frenchtown High School.

c.      Troy Bashor is an employee of Frenchtown School District and music

and choir teacher at Frenchtown High School and Frenchtown Junior

High School.

d.      Plaintiff Doe was a student at Frenchtown High School for the 2016-

2017 school year.

e.      Randy Cline is employed by Frenchtown School District as

Superintendent of the District.

f.      Plaintiff Doe was a student in Mr. Bashor's musical theater and

percussion classes, and a student aide for Mr. Bashor.

g.      On March 14, 2017, Justice Holloway entered a permanent order of

protection against Mr. Bashor.

**4.  Cooperation and Proportionality.**  The lawyers and the parties are

responsible for securing the "just, speedy, and inexpensive determination" of this

proceeding.  Fed. R. Civ. P. 1.  Discovery is to be proportional to the reasonable

needs of the case.  Fed. R. Civ. P. 26(b)(1).

**5.  Discovery Exhibits.**  During discovery, deposition exhibits shall be numbered

seriatim.  Numbers used for exhibits during depositions must be used at trial for

the same exhibit.  The parties are encouraged to use a numbering system that is

consistent with the requirements of the District of Montana's digital Jury Evidence

Recording System (JERS), as described in paragraph 18 of this Order.

**6.  Foundation & Authenticity of Discovery Items.**  Pursuant to Federal Rule of

Civil Procedure 16(c)(2)(C), the parties stipulate to the foundation and

authenticity of all discovery items produced in pre-trial disclosure and during the

course of discovery.  However, if counsel objects to either the foundation or the

authenticity of a particular discovery item, then counsel must make a specific

objection to opposing counsel, in writing, prior to the deadline for the close of

discovery.  If a discovery item is produced and the producing party objects either

to its foundation or authenticity, the producing party shall so state, in writing, at

the time of production.  This stipulation extends only to the document itself, not to

foundation for witnesses discussing the document at trial.  All other objections are

reserved for trial.  Failure to comply with this provision constitutes a waiver of

any foundation or authenticity objection at trial.

**7.  Supplementation of Discovery Responses.**  Pursuant to Federal Rule of Civil

Procedure 26(e), the parties have an affirmative obligation to supplement all

discovery responses, as necessary, throughout the course of the litigation.

**7a.  Motions to Compel Discovery.**  Prior to filing a motion to compel discovery,

counsel must advise the client that the loser will pay the opposing party's

associated fees and costs.  *See* Fed. R. Civ. P. 37(a)(5).  Counsel must certify its

compliance with this requirement in the motion.  In addition, at the time the

motion is fully-briefed, both parties shall file affidavits with the Court detailing

their known fees and costs associated with the motion.

**8. Experts.**  The parties informed the Court that they may engage experts in the

following areas:

Plaintiff:      school administration (Title IX), mental health

Defendant:   school administration (Title IX)

Experts, if engaged, must be disclosed in accordance with the time limits set forth

in paragraph 1.

**9. Expert Disclosure.**

(a)     Retained or Specially Employed.

Each party is responsible for ensuring that expert reports for any witness

who is retained or specially employed to provide expert testimony in the case, or

whose duties as an employee of a party involve giving expert testimony, are

complete, comprehensive, accurate, and tailored to the issues on which the expert

is expected to testify.  Expert reports must satisfy the specific requirements of

Federal Rule of Civil Procedure 26(a)(2)(B).

(b)     Other Witnesses Who Will Present Expert Testimony.

With respect to those expert witnesses not required to provide a written

report, pursuant to Rule 26(a)(2)(C), a party must still serve a written disclosure, identifying the evidence and stating:

> (i)  the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii)  a summary of the facts and opinions to which the witness is expected to testify.

(c)    Objections to the timeliness or sufficiency of a Rule 26(a)(2) disclosure or report must be filed in the form of a motion within fourteen (14) days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived.  An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed.  In this regard, a treating physician is not considered a retained expert witness unless the testimony offered by the treating physician goes beyond care, treatment, and prognosis.  If the treating physician's testimony goes beyond care, treatment, and prognosis then there must be full compliance with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B).  All other objections to expert testimony may be lodged according to general motions practice.

**10.  Rebuttal Experts.**  Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or

evidence to be offered by a witness who is retained or specially employed to

provide expert testimony in the case or whose duties as an employee of a party in

the case involve giving expert testimony, must be disclosed within thirty (30) days

of the date set forth in paragraph 1 for expert disclosure.  Fed. R. Civ. P.

26(a)(2)(D)(ii).

**11.  Supplementation of Incomplete or Incorrect Expert Reports.**

Supplemental disclosures by a witness who is retained or specially employed to

provide expert testimony in the case or whose duties as an employee of a party in

the case involve giving expert testimony, whose report or deposition is <u>incomplete</u>

or <u>incorrect</u>, through no fault of the proponent or expert witness, must be disclosed

no later than ninety (90) days before the date set for trial set forth in paragraph 1.

**12.  Motions.**  Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), all

dispositive motions, discovery motions, and motions in limine shall be fully

briefed by the date set forth in paragraph 1.  "Fully briefed" means that the brief in

support of the motion and the opposing party's response brief are filed with the

Court.  **If the parties can reach an agreement concerning the use of certain**

**confidential and financial commercial information there is no need to seek a**

**protective order from this Court.  Unless the parties can show that a**

**negotiated and signed stipulation is insufficient to protect their interests, no**

**order of this Court will be forthcoming concerning protective orders.**

13.  **Unopposed Motions.**  Unopposed motions shall be accompanied by a

proposed order, separate from the motion.  The proposed order shall be filed under

the heading "Text of Proposed Order" and e-mailed to

dwm_propord@mtd.uscourts.gov.  The proposed order shall be a WordPerfect

(preferred) or Word document and adhere to the standards set out in Standing

Order No. DLC-13.  Failure to comply with this procedure will result in delayed

resolution of the unopposed motion.

14.  **Hearings & Oral Arguments.**  Parties shall provide an alphabetized index of

cases expected to be referenced, with citations, to the Court Reporter immediately

prior to any oral argument or hearing.

15.  **Number of Jurors and Length of Trial.**  Trial of this case shall be

conducted in Missoula, Montana, before a jury of 7 persons.  The parties expect

the trial to last 3–4 days.

16.  **Attorney Conference for Trial Preparation.**  If the case does not settle,

counsel for Plaintiff shall convene an attorneys' conference during the week

indicated in paragraph 1, or before, to complete the Final Pretrial Order, to

exchange exhibits and witness lists, and to complete or plan for the completion of

all items listed in L.R. 16.4(b).  The Final Pretrial Order shall comply with the

form prescribed by Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(iii) and Local

Rule 16.4.  Except for relevancy, objections to the use or designation of deposition

testimony are waived if they are not disclosed on the opposing party's witness list,

and objections to exhibits are waived if they are not disclosed on the opposing

party's exhibit list.  *See generally* Forms D, E, and F, Local Rules Appendix C.

**17.  Trial Exhibits.**

(a)     Counsel shall electronically exchange exhibits (by CD, DVD, e-mail,

or other agreed upon method) with opposing counsel prior to the final pretrial

conference.  Counsel must provide a binder of paper copies of the exhibits at the

time of the Final Pretrial Conference to the Court, and also to opposing counsel, if

requested.   The binders must bear an extended tab showing the number of the

exhibit.  An electronic copy of the exhibits shall be provided to the Court's

courtroom deputy at the time of the Final Pretrial Conference in a format

compatible with JERS  as provided in paragraph 18 of this Order.

(b)     Each exhibit must show the number of the exhibit. The exhibit list

must identify those exhibits the party expects to offer and those the party may

offer.  Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

(c)     Exhibits shall be numbered in a manner that is consistent with

paragraphs 6 and 18 of this Order.  The parties shall not use the same range of

exhibit numbers.  Exhibits shall not be duplicated.  An exhibit may be used by either of the parties.

(d)    Failure to comply with (a) through (c) above may result in the exclusion of an exhibit at trial.

**18.  Jury Evidence Recording System (JERS).**  The parties shall be prepared to use the Jury Evidence Recording System (JERS).  JERS is available through the Court.  It allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations.  Detailed information about how to use JERS, including contact information for District personnel who can explain further, is found on the Court's website, www.mtd.uscourts.gov, under the heading "Attorneys."

**19.  Final Pretrial Order.**  The parties shall file the proposed Final Pretrial Order and e-mail a copy in WordPerfect (preferred) or Word format to dwm_propord@mtd.uscourts.gov by the date indicated in paragraph 1.  Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

**20.  Final Pretrial Conference.**  Counsel for the parties shall appear before the Court in chambers at the Russell Smith Courthouse, Missoula, Montana, for the final pretrial conference on the date and time set forth in paragraph 1.  Each party

should bring Judge Molloy's copy of its trial exhibits if not already delivered to chambers.

**21.  Trial Briefs.**  Trial briefs are optional but if filed must be received by the Court by the date indicated in paragraph 1.

**22.  Jury Instructions.**

(a)     The parties shall jointly prepare jury instructions upon which they agree (proposed joint instructions).  If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions.  **No two instructions shall be submitted with the same number.** The parties shall also prepare an agreed upon verdict form with the instructions.  If a verdict form cannot be agreed to, each party shall prepare a separate verdict form together with a written statement explaining why they do not agree on a joint verdict form.

(b)     Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form: By the date set forth in paragraph 1, any party filing electronically or, if no party is filing electronically, Plaintiff's counsel shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, in WordPerfect (preferred) or Word format to dwm_propord@mtd.uscourts.gov.  If the documents are filed

conventionally, the filing party must deliver them to the Clerk of Court in the Division of venue.

(c)     <u>Electronic Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, in WordPerfect (preferred) or Word format to dwm_propord@mtd.uscourts.gov.

(d)     <u>Conventional Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1) deliver to the Clerk of Court in the Division of venue one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, to dwm_propord@mtd.uscourts.gov.

**23.  Format of Jury Instructions.**

(a)     The <u>clean copy</u> shall contain:

(i)  a heading reading "Instruction No. ___"; and

(ii)  the text of the instruction.

(b)     The <u>working copy</u> shall contain:

(i)  a heading reading "Instruction No. __";

(ii)  the text of the instruction;

(iii)  the number of the proposed instruction;

(iv)  the legal authority for the instruction; and

(v)  the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

(c)  Jury instructions shall be prepared in 14-point Times New Roman font.

**24.  Settling of Instructions.**  The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing argument, at which time counsel may present argument and make objections.

**25.  Calling Witnesses at Trial.**  When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four (4) copies of a single page document, *see* Form I, Local Rules Appendix C, providing the following information about the witness:

i) the full name and current address of the witness;

ii) a brief description of the nature and substance of the witness's testimony;

iii) date witness was deposed or statement taken; and

iv) a listing of each exhibit to which the witness may refer during direct

examination.

DATED this 8th day of March, 2018.

Donald W. Molloy, District Judge
United States District Court